IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20593
Summary Calendar
_____

W. FOSTER SELLERS,

                                        Plaintiff-Appellant,

versus

M.B. THALER, in his official capacity as chairman of the state
classification committee, Texas Department of Criminal Justice
Institutional Division; TEXAS DEPARTMENT OF CRIMINAL JUSTICE
BOARD OF PARDONS & PAROLE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-725
--------------------
September 16, 2002

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    W. Foster Sellers, Texas inmate # 599791, appeals from the

dismissal as frivolous of his 42 U.S.C. § 1983 complaint against

defendants M. B. Thaler, Chairman of the State Classification

Committee, and the Texas Board of Pardons and Paroles ("the

Board").  Sellers claimed that the defendants violated his

constitutional rights by executing the wrong sentencing order and

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

considering invalid convictions in determining the date that he would be eligible for consideration for release on parole.

"In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). "Because it is entirely speculative whether a prisoner will be released on parole, the court has determined that there is no constitutional expectancy of parole in Texas." Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000)(internal quotation and citation omitted). We have likewise determined that "any delay in [a Texas prisoner's] consideration for parole cannot support a constitutional claim." Id.

As Sellers' constitutional claim lacked an arguable basis in law, the district court did abuse its discretion in dismissing his complaint. Accordingly, the judgment of the district court is AFFIRMED.